1  Gregory J. Marshall (#019886)
   Jefferson R. Hayden (#026264)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren
   Phoenix, AZ  85004-2202
4  Telephone: (602) 382-6000
   gmarshall@swlaw.com
5  jhayden@swlaw.com
   Attorneys for Defendants Wells Fargo Bank, N.A.
6  and U.S. Bank National Association, as Trustee for the
   Structured Asset Securities Corporation Mortgage Pass-
7  Through Certificates, Series 2006-BC4

8              **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lynn Tilson and James Tilson, husband and wife,<br><br>              Plaintiffs,<br><br>v.<br><br>U.S. Bank National Association, a Business Entity, form unknown; Wells Fargo Bank, N.A., an Arizona Corporation, form unknown; America's Servicing Company, Inc., a business entity, form unknown; and Does 1 through 50, inclusive,<br><br>              Defendants. | Case No. 2:12-cv-00158-SRB<br><br>**WELLS FARGO BANK, N.A. AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS;**<br><br>**RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>(***Expedited Consideration Requested** pursuant to Fed. R. Civ. P. 65(b)(4))* |

         On December 15, 2011, Plaintiffs filed a "Motion for Temporary Restraining

Order" and "Memorandum in Support," along with supporting affidavits, in the Yuma

County Superior Court (collectively, the "TRO Motion") to enjoin a trustee's sale of real

property, but Plaintiffs have not filed a document purporting to be a complaint.  Because

a civil action may only be commenced on the filing of a complaint, *see* Ariz. R. Civ. P. 3,

Wells Fargo Bank, N.A., also improperly named American's Servicing Company, Inc.

("Wells Fargo"), and U.S. Bank National Association, as Trustee for the Structured Asset

Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 ("U.S.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Bank"), without waiver of their objections, treat the TRO Motion as both a complaint and a motion for temporary retraining order, and herein moves to dismiss the complaint, deny the motion for temporary restraining order, and further dissolve the temporary restraining order improperly entered without notice by the Superior Court prior to removal.

Because Wells Fargo has been wrongfully enjoined by the Superior Court without notice, Wells Fargo is entitled to expedited consideration of its Motion to Dissolve pursuant to Fed. R. Civ. P. 65(b)(4), which states that the enjoined party may move to dissolve or modify a TRO entered without notice against it, and "[t]he Court must then hear and decide this motion as promptly as justice requires." The following Memorandum of Points and Authorities, and the record, support this Motion.

## MEMORANUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Plaintiff Lynn Tilson[1] defaulted on her mortgage payments, and now seeks to enjoin the foreclosure of the security upon which the loan was given based on the specious legal theory that the original lender should not have approved her loan, and absent any factual supporting allegations.

On September 27, 2006, Plaintiff Lynn Tilson obtained a $260,000 loan[2] from nonparty BNC Mortgage, Inc. The named Defendants were not involved in that loan transaction. The loan was secured by a Deed of Trust, which created a lien against property located at 115 W. 4th Street, Yuma, AZ 85364 (the "Property"). *See* Ex. B.[3] Wells Fargo thereafter became the loan servicer, and U.S. Bank took assignment of the Deed of Trust effective May 12, 2009. *See* Ex. C. First American Title Ins. Co. was substituted as Trustee on September 6, 2011. *See* Ex. D. Plaintiff Lynn Tilson thereafter

---

[1] Plaintiff James Tilson quitclaimed his interest in the Property to Lynn Tilson in May, 2005, and was not a borrower. *See* Ex. A.

[2] The TRO Motion refers to a "$530,000 mortgage," *see* TRO Motion at p. 3:6-10, which Wells Fargo assumes to be a typo.

[3] The Court may consider the Deed of Trust, and other recorded documents, without converting this Motion into one for summary judgment. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   defaulted on her mortgage payments.  The Trustee, First American Title Ins. Co.,

2   recorded a Notice of Trustees' Sale on September 14, 2011, scheduling the Trustee's Sale

3   for December 19, 2011.  *See* Ex. E.  The Trustees' Sale has since been continued, and is

4   currently scheduled for February 6, 2012.

5   Plaintiffs filed their TRO Motion on December 15, 2011 in the Superior Court

6   seeking to enjoin the then pending December 18, 2011 Trustee's Sale, and alleging that

7   U.S. Bank engaged in abusive lending practices by giving a loan to Plaintiff without

8   confirming her ability to repay.  Specifically, Plaintiffs alleged that the "terms of the

9   finance transaction" were not "clear or conspicuous, nor consistent, and are illegal," "was

10  underwritten without proper due diligence," and that U.S. Bank "knew or should have

11  known that Plaintiff could not qualify or afford [the loan]."  *See* TRO Motion at p. 3:11-

12  4:7.  Plaintiffs allege that U.S. Bank failed to "verify borrower's income" and "approved

13  this loan based upon credit scores and the borrower's Stated Income only."  *Id.*  There are

14  no allegations as to Wells Fargo.

15  The Superior Court issued a temporary restraining order without notice (the

16  "TRO") the day Plaintiffs filed their TRO Motion "pending the filing of a Complaint,"

17  and scheduled a hearing for December 28, 2011.  At the December 28th hearing, with no

18  Complaint having been filed, the Court extended the TRO until January 11, 2012, so that

19  "Plaintiffs shall show proof of notice upon the Defendants."  Plaintiffs thereafter served

20  the TRO Motion on Wells Fargo on January 6, 2012, but not the order setting the January

21  11th hearing.  As a consequence, Wells Fargo did not appear for the January 11th hearing,

22  at which time the Superior Court again extended the TRO, but without imposing an

23  expiration date.  *See* Ex. F.  Wells Fargo then removed on January 24, 2012.

24  **II.**   **MOTION TO DISMISS**

25  Fed. R. Civ. P. 3 states "A civil action is commenced by filing a complaint with

26  the court."  The Arizona Rules, which governed this action before removal, similarly

27  require the filing of a complaint.  Yet, Plaintiffs have failed to file a complaint since

28  opening this civil action with the filing of their TRO Motion on December 15, 2011, and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

despite the Superior Court's implicit direction that they do so.   Thus, this Court should

dismiss this civil action for the simple reason that there is no dispute properly before it.

*See S.E.C. v. Ross*, 504 F.3d 1130, 140-41 (9th Cir. 2007); *see also Powell v. Rios*, 241

Fed. Appx. 500 (10th Cir. 2007) (intimating that filing a TRO, without a complaint,

would not be sufficient to commence a federal action).

To the extent the Court deems Plaintiffs' TRO Motion to constitute a complaint, it

should be dismissed for failure to state a claim.   Courts may dismiss a plaintiff's

complaint either for "lack of a cognizable legal theory" or "the absence of sufficient facts

alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d

1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1990)).   Plaintiffs' TRO Motion fails to state a claim for both reasons.

Plaintiffs have neither pled a cognizable legal theory, nor have they pled supporting facts.

*Silva v. GMAC Mortgage, LLC*, No. CV-09-265-PHX-GMS, 2009 U.S. Dist. LEXIS

118854, at *10 (D. Ariz. Dec. 1, 2009) ("[L]egal conclusions couched as factual

allegations are not given a presumption of truthfulness, and conclusory allegations of law

and unwarranted inferences are not sufficient to defeat a motion to dismiss.")

Plaintiffs allege in their TRO Motion that the terms of the loan were "not clear or

conspicuous, nor consistent, and are illegal which violates several statutes and is in

essence creates [sic] and illegal loan."  *See* TRO Motion at p. 3:11-13.   Plaintiffs allege

that "this loan was underwritten without proper due diligence," *id.* at 3:13, and that U.S.

Bank "illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan."  *Id.*

at 3:21.   Plaintiffs allege that U.S. Bank failed to "verify borrower's income utilizing

signed ITS Income Tax Disclosure Form 4506T which would have provided past

borrower tax returns" and "approved this loan based upon credit scores and the

borrower's Stated Income only."[4]  *Id.*   Plaintiffs allege that had U.S. Bank performed its

---

[4]      Implicit in Plaintiffs' allegations is that Plaintiff Lynn Tilson falsified her
income when applying for her loan, and that had BNC Mortgage Inc. verified her income
with the IRS, BNC would have confirmed her reported income was not accurate.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   due diligence it would have realized that "Plaintiff would not have qualified for the loan

2   in the first place." *Id.* at 3:24-4:3.

3          As a preliminary matter, neither U.S. Bank, nor Wells Fargo, made the loan.  BNC

4   Mortgage Inc. was the lender that originated the loan, and Plaintiffs' TRO Motion does

5   not explain why U.S. Bank or Wells Fargo should be liable to Plaintiffs for the alleged

6   conduct of BNC.

7          Regardless, Plaintiffs' liability theory has been soundly rejected by this Court and

8   others.  In *Puga v. One West Bank*, for example, the plaintiff alleged various causes of

9   action based on the bank defendant's failure to confirm her ability to repay the mortgage

10  loan, stating "she had a right to rely on the fact that Indy Mac should not make a loan that

11  she could not repay."  2010 U.S. Dist. LEXIS 54280, at *9-*10 (D. Ariz. June 2, 2010).

12  The court dismissed the plaintiff's claims for lack of a cognizable legal theory.  *Id.*; *see*

13  *also, e.g., Martenson v. RG Fin.*, 2010 U.S. Dist. LEXIS 100343, at *3-*4 (D. Ariz. Sept.

14  21, 2010) (dismissing cause of action based on theory of unconscionability); *Badger v.*

15  *Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 82998, at *3, *12 (D. Ariz. July

16  27, 2011) (dismissing fraud claim); *Wilson v. GMAC Mortg., LLC*, 2011 U.S. Dist.

17  LEXIS 104331, at *13-*14 (D. Ariz. Sept. 13, 2011) (dismissing claim of IIED).

18         California district courts similarly held that lenders have no general duty to

19  confirm a borrowers' ability to repay.  *See Manosca v. Wachovia Mortgage*, 2011 U.S.

20  Dist. LEXIS 78609, at *17-*18 (N.D. Cal. July 20, 2011) ("Courts have held that lenders

21  do not have an obligation to ensure that a borrower can afford a loan …") (citing *Perlas*

22  *v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 435-36 (Cal. App. 2010)); *Bernardo v.*

23  *U.S. Bank N.A.*, 2011 U.S. Dist. LEXIS 93643, at *16 (N.D. Cal. Aug. 22, 2011) (A

24  "'lender is under no duty to determine the borrower's ability to repay the loan.' … Thus,

25  to the extent that Plaintiffs' claim is based on offering them a loan they could not afford,

26  it is not cognizable under California law.") (quoting *Perlas v. GMAC Mortg., LLC*, 187

27  Cal. App. 4th 429, 435-36 (Cal. App. 2010));  *Leisher v. Wachovia Mortg., Inc.*, 2011

28  U.S. Dist. LEXIS 3037, at *16 (S.D. Cal. Jan. 12, 2011) ("A commercial lender pursues

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   its own economic interests in lending money.  A lender owes no duty of care to the

2   borrowers in approving their loan. A lender is under no duty to determine the borrower's

3   ability to repay the loan. The lender's efforts to determine the creditworthiness and ability

4   to repay by a borrower are for the lender's protection, not the borrower's.") (quoting

5   *Perlas v. GMAC Mortg.*, LLC, 187 Cal. App. 4th 429, 436 (Cal. App. 2010)).

6        The TRO Motion does not state a claim upon which relief can be granted for the

7   additional reason that no factual allegations are pled supporting it.  Courts "must not

8   assume that the [plaintiff] can prove facts that it has not alleged or that the defendants

9   have violated the … laws in ways that have not been alleged."  *Diessner v. Mortgage*

10  *Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1190 (D. Ariz. 2009).  Rather, "[t]o

11  survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

12  as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial

13  plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

15  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Yet, Plaintiffs have not pled

16  any facts – just conclusory statements – that the lender should not have approved the loan

17  based on the borrower's inability to repay it.

18       With respect to U.S. Bank, Plaintiffs have not properly served it since filing their

19  TRO Motion.  U.S. Bank did not waive its right to challenge service either by removing

20  this action or by filing its Motion to Dismiss.  *See* 28 U.S.C. § 1448 (providing for

21  service after removal if not accomplished before removal); Fed R. Civ. P. 12(b) ("No

22  defense or objection is waived by joining it with one or more other defenses or objections

23  in a responsive pleading or motion.").  Thus, U.S. Bank may be dismissed for this

24  additional reason.  *See* Fed. R. Civ. P. 12(b)(5).

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## III. RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

### A. LEGAL STANDARD

Plaintiffs seek an injunction preventing Wells Fargo from conducting the Trustee's Sale of the Property.  Plaintiffs correctly state the four (4) required elements to obtain a temporary restraining order, but only address the second prong; likelihood of irreparable harm.  To obtain an injunction, Plaintiffs must prove the following:

1)     a likelihood of success on the merits;

2)     a likelihood of irreparable harm in the absence of relief;

3)     that the balance of equities tips in plaintiff's favor; and

4)     that entry of relief is in the public interest.

*Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n v. City of L.A.*, 559 F.3d 1046, 1053-59 (9th Cir. 2009).  "A preliminary injunction is an extraordinary and drastic remedy and 'one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Deroche v. Adu-Tutu*, 2011 U.S. Dist. LEXIS 120630, at *4 (D. Ariz. Oct. 18, 2011) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citations omitted))).  Plaintiffs' burden for a temporary restraining order is the same as that to obtain a preliminary injunction.  *See Stuhlbarg Int'l Sales, Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also Highway Tech, Inc. v. Porter*, 2009 U.S. Dist. LEXIS 57607, at *2-3 (D. Ariz. June 26, 2009) (applying *Winter* standard to an application for a temporary restraining order).

### B. Plaintiffs Can Show No Likelihood of Success on the Merits.

It is axiomatic that Plaintiffs can show no likelihood of success on the merits if they can not state a claim upon which relief can be granted.  *Ciardi v. The Lending Co., Inc.*, 2010 U.S. Dist. LEXIS 50878, at *4 (D. Ariz. May 24, 2010).  Wells Fargo incorporates its Motion to Dismiss arguments, above.  As Plaintiffs have not stated a cognizable legal claim supported by factual allegations, they are not entitled to a temporary restraining order.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**C.     Plaintiffs Are Not Likely to Suffer Irreparable Harm.**

Despite Plaintiffs' contentions, the Supreme Court has admonished, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.  The record contains no evidence supporting this critical element, so a temporary restraining order should not issue.  Plaintiffs simply make the conclusory statements, unsupported by affidavit or declaration, that they "will face irreparable injury if the trustee [sic] sale takes place.  Real estate is unique, and cannot be replaced.  The trustee [sic] sale will divest Plaintiffs of their property with no other remedy at law." (*See* TRO Motion at 4:22-24.)

Plaintiffs' claim of irreparable harm is further belied by their delay in seeking a temporary restraining order.  Plaintiffs received notice of the Trustee's Sale on or about September 14, 2011, but did not request a temporary restraining order enjoining the sale until December 15, 2011, a mere three (3) days before the sale.  Plaintiffs' delay of almost three (3) months denotes a lack of urgency and irreparable harm which weighs against granting Plaintiffs an injunction.  *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (denying Plaintiff's request for a preliminary injunction because his delay in "seeking a preliminary injunction implies a lack of urgency and irreparable harm").

**D.     The Balance of the Equities Does Not Tip in Plaintiffs' Favor.**

The balance of the equities does not favor Plaintiffs.  Not only are Plaintiffs in default, they now seek a declaration that Wells Fargo is not entitled to enforce the power of sale specifically provided for in the Deed of Trust.  Put differently, Plaintiffs seek the benefits of retaining the security upon which their loan was given without performing the duties attendant to the Note.  This is not equitable.  The Arizona Legislature has already provided several levels of protection to borrowers like Plaintiffs.  For example, Ariz. Rev. Stat. § 33-813 provides Plaintiffs generous loan reinstatement rights until literally

the eve of the sale, yet they have chosen not to do so.  Likewise, Ariz. Rev. Stat. § 33-814(G) prevents a lender from pursuing a deficiency judgment for certain purchase money loans.  In comparison, the requested injunction prevents Wells Fargo from realizing the collateral on Plaintiffs' default.

### E.    An Injunction Does Not Favor the Public Interest.

The public interest would not be advanced in continuing to delay the properly noticed Trustee's Sale.  Plaintiffs ignore the major purpose of Arizona's Deeds of Trust Act, to provide relatively inexpensive and speedy foreclosure proceedings.  *See Maher v. Bank One*, 2009 Ariz. App. Unpub. LEXIS 27, at *16-17 (Ariz. Ct. App. 2009) (citing *Andreola v. Arizona Bank*, 26 Ariz.App. 556, 559 (1976)).  The legislative trade-offs for that inexpensive and speedy remedy were concomitant benefits to borrowers that were not available in a traditional judicial foreclosure, such as a prohibition against enforcing deficiency judgments where the sale price for qualifying (generally single-family) residential property is not sufficient to discharge the debt, and generous loan reinstatement rights.

Our legal system is built on the importance of contract rights, and the public interest would accordingly disfavor a result that would impair those rights.  If a TRO is issued, Plaintiffs would be able to continue to enjoy possession of the Property without paying what they owed on their mortgage.  Plaintiffs have defaulted on their mortgage necessitating the recording of the Notice of Trustees' Sale.  An injunction barring Wells Fargo from exercising its contract rights is not in the public interest, nor is it fair to the millions of borrowers who are attempting to fulfill their loan commitments in a difficult economic environment.

### F.    Plaintiffs Have Not Acted Equitably.

Injunctive relief is an equitable remedy.  *See*, *e.g.*, *State ex rel. Corbin v. Portland Cement Ass'n*, 690 P.2d 140, 144 (Ariz. Ct. App. 1984).  When a party requests equitable relief, that party must not have unclean hands.  *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) (explaining

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

that the doctrine of unclean hands bars relief to a plaintiff who has violated good faith or other equitable principles in the transaction at issue).

Plaintiffs executed a note agreeing to repay the loan they took to purchase the Property, and have now ceased making those payments. Yet, Plaintiffs ask this Court to preserve a status quo in which they receive all of the benefits of the loan agreement, but are excused from performing the duties attendant to the Note.  This is not equitable. Further, Plaintiffs acknowledge in their TRO Motion that they did not disclose their true financial status when applying for their loan, yet they seek to enjoin the trustee's sale of the property securing repayment of the loan.  For this independent reason of lack of equitable conduct, the Court should deny the Application.  *See, e.g., In Re Mortgage Electronic Registration Systems (MERS) Litigation*; 09-2119-JAT (June 11, 2010) (Dkt. # 683) at 5 – 6; *Robinson v. GE Money Bank, et al.*, CV 09-227-TUC-JMR (June 29, 2010) (Dkt. #261) at 5 – 6.

**IV.** **MOTION TO DISSOLVE THE SUPERIOR COURT'S TEMPORARY RESTRAINING ORDER**

U.S. Bank and Wells Fargo move to dissolve the December 15, 2011 TRO issued *without notice* by the Superior Court, and as continued by the Superior Court's January 11, 2012 order, enjoining Defendants and their agents from foreclosing on the Property. In addition to the fact that the TRO was improper for the reasons argued above, Ariz. R. Civ. P. 65(d) and Fed. R. Civ. P. 65(b)(2) precluded the January 11th extension of the TRO absent Wells Fargo's consent.  Wells Fargo is entitled to expedited consideration of this Motion pursuant to Fed. R. Civ. P. 65(b)(4), which states that the enjoined party may move to dissolve or modify a TRO entered without notice against it, and "[t]he Court must then hear and decide this motion as promptly as justice requires."

Ariz. R. Civ. P. 65(d) provides that "[e]very temporary restraining order granted without notice … *shall* expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed

1   consents that it may be extended for a longer period.  The reasons for the extension shall

2   be entered of record." (emphasis added).  Here, the Superior Court entered the TRO on

3   December 15, 2011, and later extended the TRO on January 11, 2012, but with no

4   expiration date.  Plaintiffs have not agreed to make payments in exchange for continuing

5   the Trustee's Sale, or posted any bond.  Yet, Plaintiffs continue to enjoy ownership and

6   possession of the security.

7       When a TRO is issued by a state court prior to removal, it cannot remain in force

8   longer than it would have been under state law.  *See Granny Goose Foods v. Bhd. of*

9   *Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) ("An ex parte temporary

10  restraining order issued by a state court prior to removal remains in force after removal

11  no longer than it would have remained in effect under state law, but in no event does the

12  order remain in force longer than the time limitations imposed by Rule 65(b), measured

13  from the date of removal.").  Yet, the Superior Court issued TRO has remained in effect

14  past the maximum time periods imposed by Ariz. R. Civ. P. 65(d) and Fed. R. Civ. P.

15  65(b)(2).  It should therefore be dissolved.

16  **V.      CONCLUSION**

17       For these reasons, the Court should deny the Plaintiffs' motion for temporary

18  restraining order, dissolve the Superior Court temporary restraining order, and dismiss this

19  action, with prejudice.

20

21

22

23

24

25

26

27

28

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    DATED this 31st day of January, 2012.

2                                        SNELL & WILMER L.L.P.

3

4                              By   s/ Jefferson R. Hayden
                                    Gregory J. Marshall (#019886)
5                                   Jefferson R. Hayden (#026264)
                                    One Arizona Center
6                                   400 E. Van Buren
                                    Phoenix, AZ  85004-2202
7                                   Attorneys for Defendants Wells Fargo Bank, N.A.
                                    and U.S. Bank National Association, as Trustee for
8                                   the Structured Asset Securities Corporation
                                    Mortgage Pass-Through Certificates, Series 2006-
                                    BC4
9

10                       **CERTIFICATE OF SERVICE**

11         I hereby certify that on the 31st day of January, 2012, I electronically transmitted

12   the foregoing document and any attachments to the U.S. District Court Clerk's Office

13   using the CM/ECF System for filing.

14         I further certify that on January 31, 2012, I served the attached document by mail

15   on the following:

16
                                    James Neal Tilson, Esq.
17                          James Neal Tilson Attorney at Law, P.C.
                                  141 South Madison Avenue
18                                      Yuma, AZ 85364
                          james@jamesnealtilson-attorneyatlaw.com
19

20    *s/Cindy Tassielli*
      14418745.2

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000